UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AEROFUND FINANCIAL, INC., <br><br> Plaintiff, <br> v. <br><br> TOP ZIP INTERNATIONAL, INC., ET AL., <br><br> Defendants. | Case No.: C 11-00221 PSG <br><br> **REQUEST FOR REASSIGNMENT TO A U.S. DISTRICT JUDGE; REPORT AND RECOMMENDATION REGARDING PLAINTIFF AEROFUND FINANCIAL, INC.'S MOTION FOR DEFAULT JUDGMENT** <br><br> **(Re: Docket No. 39)** |

Plaintiff Aerofund Financial, Inc. ("Aerofund") moves for entry of a default judgment against Defendants Top Zip International, Inc. ("Top Zip") and AKA Sport, Inc. ("AKA Sport"). Having reviewed the papers and considered the arguments of counsel, the undersigned hereby orders that this case be reassigned to a U.S. District Judge with a recommendation that Aerofund's motion for entry of default judgment be GRANTED.[1]

---

[1] While neither Top Zip nor AKA Sport have appeared or consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1), both have been served. As a result, they are considered parties and their consent would be required for this court to enter a dispositive ruling on a motion such as this one. *Cf. Neals v. Norwood,* 59 F.3d 530, 531 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

Case No.: C 11-00914 PSG
REQUEST FOR REASSIGNMENT; REPORT & RECOMMENDATION                                    1

# I. BACKGROUND

## A. Procedural History

On January 14, 2011, Aerofund filed a complaint against Top Zip alleging a claim for breach of contract.[2] On January 31, 2011, Top Zip was served with the summons and complaint.[3] On June 15, 2011, Aerofund filed a second amended complaint against Top Zip and AKA Sport alleging claims for breach of contract and fraudulent conveyance.[4] On June 24, 2011, Top Zip and AKA Sport were served with the summons and second amended complaint.[5] Neither Top Zip nor AKA Sport answered or otherwise responded to the second amended complaint.[6] On August 5, 2011, Aerofund moved for entry of default against Top Zip and AKA Sport.[7] On August 9, 2011, the Clerk of the Court entered default against Top Zip and AKA Sport.[8] On September 30, 2011, Aerofund moved for default judgment against Top Zip and AKA Sport and provided proof of service for both the notice and motion for entry of default judgment.[9] Copies of the application for entry of default judgment by the court against Top Zip and AKA Sport was sent to them by U.S. mail.[10]

## B. Factual History

On or about April 22, 2009, Aerofund and Top Zip executed an agreement for Aerofund to purchase certain Top Zip accounts for valuable consideration (the "April 22, 2009 Agreement"). As security for its obligations, Top Zip granted Aerofund a security interest in the accounts, the accounts receivables, contract rights, chattel paper, general intangibles, instruments, documents,

---

[2]  *See* Docket No. 1.

[3]  *See* Docket No. 5.

[4]  *See* Docket No. 22.

[5]  *See* Docket Nos. 27 and 28.

[6]  *See* Docket No. 39 at ¶ 7.

[7]  *See* Docket No. 34.

[8]  *See* Docket No. 36.

[9]  *See* Docket No. 41.

[10]  *See id.*

Case No.: C 11-00914 PSG
REQUEST FOR REASSIGNMENT; REPORT & RECOMMENDATION                    2

1 inventory, deposit accounts, investment property, and all machinery, equipment, furniture, furnishings, fixtures, tools, supplies, and motor vehicles (collectively, the "collateral"). Aerofund then perfected its interest by filing a UCC-1 Financing Statement with the California Secretary of State.

On or about April 22, 2009, Top Zip was in possession and control of certain inventory consisting of backpacks and other related goods.

Beginning in May 2009, Top Zip provided certain services to Office Depot. Top Zip then regularly invoiced Office Depot for those services. On May 11, 2009, Office Depot was advised of the assignment by Top Zip to Aerofund of its receivables.

Pursuant to the April 22, 2009 Agreement, Aerofund made requisite disbursements in consideration of the purchase and assignment of the Office Depot account to Top Zip. To date, Aerofund is owed $276,825.60 from the Office Depot account. Aerofund has demanded payment from Top Zip to no avail.

On June 11, 2009, AKA Sport was incorporated in Delaware. Aerofund alleges that Top Zip and AKA Sport conspired together so that Top Zip could transfer its inventory to AKA Sport in an effort to hinder, delay, and defraud all of Top Zip's creditors, including Aerofund.

In the second amended complaint, Aerofund alleges claims for breach of contract against Top Zip, fraudulent conveyance against AKA Sport, and conspiracy against both Top Zip and AKA Sport.

## II. LEGAL STANDARDS

After entry of default, district courts are authorized to grant default judgment, so long as the judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings."[11] Entry of default judgment is within the court's discretion,[12] and is governed by the following factors: (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether

---

[11] Fed. R. Civ. P. 54(c); *see also* Fed. R. Civ. P. 55.

[12] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits.[13] In considering the *Eitel* factors, all factual allegations in the complaint are taken as true, except for those relating to damages.[14]

As to damages, when the damages claimed are not readily ascertainable from the pleadings and the record, the court may (but it not required to) conduct a hearing to determine the amount of damages.[15] California statutory law, which governs the contract here, provides that "[n]o damages can be recovered for breach of contract which are not clearly ascertainable in both their nature and origin."[16] The measure of damages for breach of contract is the amount that will compensate the injured party for all the detriment proximately caused by the breach, or which, in the ordinary course of events, will be likely to result from the breach.[17] Damages are awarded in a breach of contract action to give the injured party the benefit of the bargain, and insofar as possible to place that party in the position he or she would have been in had the promisor performed the contract.[18]

### III. DISCUSSION

In this case, virtually all of the *Eitel* factors weigh in favor of granting Aerofund's motion for default judgment. The first three factors, which relate to the merits of Aerofund's claims, undoubtedly favor Aerofund.

As for the fourth factor, Aerofund seeks money damages totaling $276,825.60 and prejudgment interest totaling $49,463.88.[19] Aerofund further seeks attorneys' fees totaling

---

[13] *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

[14] *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

[15] *See* Fed. R. Civ. P. 55(b)(2).

[16] Cal. Civ. Code § 3301.

[17] Cal. Civ. Code § 3300.

[18] *See Noble v. Tweedy,* 90 Cal.App.2d 738, 745, 203 P.2d 778 (1949).

[19] Aerofund calculated the interest by determining that prejudgment interest at ten percent per annum accrued on the principal balance of $243,648.00 from September 17, 2009, the date of the most recent invoice to Office Depot to September 30, 2011, the date of the present declaration.

[($243,648.00 X .10)/365] x 741 days =$49,463.88

Case No.: C 11-00914 PSG
REQUEST FOR REASSIGNMENT; REPORT & RECOMMENDATION 4

1  $15,346.50 and costs totaling $1,012.50. In the second amended complaint, Aerofund expressly
2  states that the money damages sought from Aerofund and AKA Sport totals $276,825.60. Stephen
3  Troy's declaration supports these damages calculations by attaching the actual invoices reflecting
4  the payments owed by Top Zip to Aerofund. The money damages totaling $276,825.60 therefore are
5  reasonable. In the April 22, 2009 Agreement, Top Zip agreed to pay Aerofund all legal expenses
6  and reasonable attorneys' fees incurred to enforce the agreement. The attorneys' fees for 67.1 hours
7  were billed at an hourly rate ranging between $165 and $285 for three attorneys. Under the
8  circumstances, the attorneys' fees sought are reasonable. As for costs totaling $1,012.50, the court
9  recommends that these too are reasonable. Pursuant to California Civil Code § 3289, Aerofund
10 seeks prejudgment interest at the rate of 10 percent. Because damages were certain, prejudgment
11 interest is appropriate. By declaration, Aerofund requests interest from September 17, 2009, the date
12 of the most recent invoice owed by Office Depot, to September 30, 2011, the date of the declaration.
13 The prejudgment interest therefore totals $49,463.88.

14 　　　　As for the fifth factor, there are likely no disputes as to material facts because neither Top
15 Zip nor AKA Sport answered the second amended complaint. As for the sixth factor, it is apparent
16 that Top Zip and AKA Sport's default was not due to excusable neglect. Both were served with the
17 summons and second amended complaint and also, the application for default judgment. It is thus
18 unlikely that excusable neglect is the reason for Top Zip and AKA Sport's failure to appear before
19 the court. Finally, while the Federal Rules' strong policy favors decisions on the merits, Top Zip
20 and AKA Sport have been aware of the pending action since June 24, 2011. Neither Top Zip nor
21 AKA Sport answered or otherwise responded whatsoever to the first amended complaint. It is
22 unlikely therefore that a decision on the merits is reasonably possible.[20] Notwithstanding courts'
23 general reluctance to enter default judgment, the court recommends that it is appropriate here.

## IV. CONCLUSION

25 　　　　The court recommends that Aerofund's motion for entry of default judgment be granted
26 against Top Zip and AKA Sport as follows: (1) principal amount totaling $276,825.60; (2)

---

[20] *See Eitel,* 782 F.2d at 1472.

prejudgment interest totaling $49,463.88; (3) attorneys' fees totaling $15,346.50 and costs totaling $1,012.50.[20]

**IT IS SO RECOMMENDED**.

Dated: November 21, 2011

*/s/ Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

---

[20] In the second amended complaint, Aerofund alleges that Top Zip and AKA Sport are affiliated. The court therefore recommends that they be found jointly liable for a combined damages award.

Case No.: C 11-00914 PSG
REQUEST FOR REASSIGNMENT; REPORT & RECOMMENDATION        6